O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JAYNIE M. SHEHAN,        )<br>                          )<br>          Plaintiff,    )<br>                          )<br>     v.                   )<br>                          )<br>MICHAEL J. ASTRUE,        )<br>Commissioner of the      )<br>Social Security          )<br>Administration,          )<br>                          )<br>          Defendant.    )<br>_____) | Case No. EDCV 08-01302 (MLG)<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Jaynie M. Shehan ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

I.  **Factual and Procedural Background**

Plaintiff was born on August 5, 1949. (Administrative Record ("AR") at 11, 91). She has a high school education and relevant work experience

as a receptionist. (AR at 40).

Plaintiff filed applications for DIB and SSI on March 15, 2006, alleging that she had been disabled since August 4, 2005, due to osteoarthritis and a spinal disc narrowing. (AR at 39, 87). The Social Security Administration denied Plaintiff's applications at the initial and reconsideration levels. (AR at 34, 42-46, 48-52).

A *de novo* hearing was held before Administrative Law Judge Mason D. Harrell, Jr. (the "ALJ") on November 15, 2007. (AR at 6-22). Plaintiff testified in her own behalf and was represented by counsel. *Id.* A vocational expert also testified at the hearing. (AR at 24-25). On December 12, 2007, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. (AR at 34-41). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffers from a "questionably severe impairment of the musculoskeletal system with residual low back pain" (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform light work[1] and is able to perform her past relevant work as a receptionist. (AR at 36-40). On August 12, 2008, the Appeals Council denied review. (AR at 1-3).

Plaintiff commenced this action for judicial review on September 30, 2008. On July, 20 2009, the parties filed a Joint Stipulation of disputed issues. The issues presented are whether the ALJ: (1) properly

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours in an eight-hour workday, sit six hours with a sit/stand option, and occasionally bend, stoop and crouch. (AR at 37). Plaintiff can lie down during lunch breaks and should sit on a hard chair. (AR at 37).

considered the medical evidence; (2) properly considered Plaintiff's subjective complaints and credibility; and (3) properly developed the vocational evidence. (Joint Stipulation at 4-19). Plaintiff seeks remand for a new administrative hearing and further development of the record. (Joint Stipulation at 19). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 20). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

\\
\\
\\

**III. <u>Discussion</u>**

    **A.    Plaintiff's Subjective Pain Testimony**

Plaintiff contends that the ALJ failed to give proper consideration to her testimony concerning the nature and extent of her pain and functional limitations.

The determination of credibility and the resolution of conflicts in the testimony are functions of the ALJ acting on behalf of the Commissioner. *Morgan v. Commissioner of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). In general, an ALJ's assessment of credibility should be given great weight. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ may employ ordinary techniques of credibility evaluation and may take into account prior inconsistent statements or a lack of candor by the witness. *Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989). However, once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony regarding subjective pain and other symptoms merely because the symptoms, as opposed to the impairments, are unsupported by objective medical evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "'[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

In this case, Plaintiff reported that she is unable to sit more than 20 minutes, has many "bad days," and needs to lie down three to four times a day. (AR at 15-16, 18-20). Plaintiff testified that she

often uses a TENS unit for pain. (AR at 15-16).

As an initial matter, the Commissioner contends that there was no objective evidence to support the extent of Plaintiff's subjective symptom testimony. (Joint Stipulation at 12). This argument is without merit. A lack of objective evidence to support a claimant's statements regarding her limitations is not a proper basis for rejecting a claimant's allegations of disabling pain. *Lingenfelter*, 504 F.3d at 1035-36. Further, the ALJ never cited a lack of objective evidence as a reason for discounting Plaintiff's complaints. Rather, the ALJ acknowledged that Plaintiff's impairments could reasonably be expected to cause some limitations, but concluded that Plaintiff's allegations concerning her symptoms and their impact on her ability to work were not entirely credible. (AR at 39). A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

In the decision, the ALJ gave the following reasons for the adverse credibility determination: (1) Plaintiff was not forced to stop working due to her impairments and limitations, but was laid off or quit for other reasons; (2) Plaintiff was not taking medications for her symptoms; (3) Plaintiff did not receive medical treatment; and (4) Plaintiff has a poor work history. (AR at 39). The ALJ's stated reasons do not provide an adequate basis for rejecting Plaintiff's subjective complaints.

In support of the ALJ's first reason for rejecting Plaintiff's credibility, (Plaintiff did not stop working due to her disability), the Commissioner cites *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). That facts of that case are quite different than those presented

here. In *Bruton*, the claimant's alleged onset date of disability was the same date that he was laid off from his job as a machinist. *Id.* at 826. Although the claimant alleged that he stopped working for medical reasons, he waited nine months before seeking any medical treatment and he even admitted that he had left his job because he had been laid off, not because of an injury. *Id.* at 828. Unlike *Bruton*, the record here does not support the inference that Plaintiff sought disability benefits simply because she was laid off from work. Although Plaintiff admitted that she stopped working in her previous two positions for reasons unrelated to her alleged impairments, both jobs ended long before her alleged onset date of August 2005. (AR at 9-13, 34, 82). Plaintiff's work as a tax receptionist ended in June 2004 and her job as a customer service representative ended in 2003. (AR at 12, 26, 88). There was also evidence that Plaintiff's condition deteriorated since she was last able to work. (*See* AR at 18-19, 38). Thus, Plaintiff's reasons for leaving her earlier jobs was not a proper basis for rejecting her credibility.

The ALJ's second and third reasons for rejecting credibility (lack of medications and medical treatment) are not substantially supported because there was evidence that Plaintiff could not afford to see a medical provider. (AR at 17); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007) ("'[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds"') (quoting *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)). Plaintiff testified that she could not afford to pay for medical insurance. (AR at 17). When Plaintiff sought medical services from the county, she was told that she did not qualify due to her husband's income. (AR at 17). The ALJ did not question the sincerity of Plaintiff's proffered explanation. *See* Social Security Ruling 96-7p at \*7-8 (stating that an "adjudicator must

not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment" including inability to pay, whether "[t]he individual's daily activities may be structured so as to minimize symptoms to a tolerable level or eliminate them entirely," and whether medication may relieve symptoms).

Lastly, the ALJ's finding that Plaintiff had a poor work history is belied by the record. (AR at 39). The record shows that Plaintiff worked as a customer service representative for Electronic Data Systems from 1991 through 2003. (AR at 26, 88). Plaintiff was laid off shortly after transferring from a Northern California office to a Southern California office. (AR at 26). And, while her work as a tax receptionist lasted for only a few months in 2004, Plaintiff testified that she had been laid off because the tax season had ended. (AR at 26).

Accordingly, the ALJ's credibility determination is not supported by substantial evidence in the record.

## IV. Conclusion

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion)). The Ninth Circuit has observed that "the decision whether to remand for

further proceedings turns upon the likely utility of such proceedings." *Id.* at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

When an ALJ fails to articulate sufficient reasons for rejecting a claimant's pain testimony, courts "have some flexibility" in determining whether to remand for further proceedings. *Vasquez v. Astrue*, 572 F.3d 586, 2009 WL 1941485, *10 (9th Cir. 2009); *Connett v. Barnhardt*, 340 F.3d 871, 876 (9th Cir. 2003) (discussing the Ninth Circuit's conflicting case law and holding that the doctrine is not mandatory because the court has "some flexibility in applying the 'crediting as true' theory"). In this case, the record has not been fully developed and, therefore, further administrative proceedings would be useful. (Joint Stipulation at 19); *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993) (remanding "for the ALJ to repeat the step four analysis, articulating specific findings for rejecting [the plaintiff's] pain testimony . . . " among other things). Accordingly, the appropriate remedy is a remand for further administrative proceedings and a new hearing decision.[2]

//
//
//

---

[2] Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that all of Plaintiff's arguments be considered when determining the merits of her case on remand.

Accordingly, IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this action is remanded for further proceedings consistent with this Memorandum Opinion.

Dated: August 17, 2009

_____
Marc L. Goldman
United States Magistrate Judge